Cole, J., dissented on jurisdictional grounds, except as to protest 139041–K. *Geo. S. Bush & Co., Inc.* v. *United States* (22 Cust. Ct. 158, C. D. 1175), *Fuchs Shoe Corp.* v. *United States* (id. 338, Abstract 53250), and *W. R. Zanes & Co.* v. *United States* (id. 339, Abstract 53251) cited.

**No. 53562.**—Raymor Manufacturing Division, Inc. *v.* United States, protest 142710–K (Laredo).

Opinion by Mollison, J. Following the authorities cited in Abstract 15400 the court dismissed the protest.

Cole, J., dissented on jurisdictional grounds, citing *Geo. S. Bush & Co., Inc., et al.* v. *United States* (22 Cust. Ct. 158, C. D. 1175), *Fuchs Shoe Corp.* v. *United States* (id. 338, Abstract 53250), and *W. R. Zanes & Co.* v. *United States* (id. 339, Abstract 53251).

**No. 53563.**—Clark Bros. et al. *v.* United States, protests 144195–K, etc. (Los Angeles).

Opinion by Mollison, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

Cole, J., dissented on jurisdictional grounds, citing *Geo. S. Bush & Co., Inc., et al.* v. *United States* (22 Cust. Ct. 158, C. D. 1175), *Fuchs Shoe Corp.* v. *United States* (id. 338, Abstract 53250), and *W. R. Zanes & Co.* v. *United States* (id. 339, Abstract 53251).

Before the Second Division, September 20, 1949

**No. 53564.**—Pelton Goudey *v.* United States, protest 143320–K (Portland, Me.).

Opinion by Lawrence, J. When the case was called for trial there was no appearance on behalf of the plaintiff. The record disclosed that the protest was received by the collector on September 23, 1948, but the entry was not liquidated until December 1, 1948. Since section 514 provides that a protest may be filed against the liquidation of the collector "within sixty days after, but not before such liquidation," it was held that the protest was not filed in accordance with law. The protest was therefore dismissed.

**No. 53565.**—L. E. MacNair Chemical Co. *v.* United States, protest 144620–K (Portland, Me.).

Opinion by Lawrence, J. From an examination of the papers the court found nothing therein tending in any way to overcome the presumption of correctness which attaches to the decision of the collector. The protest was therefore overruled.

**No. 53566.**—Simon Import Corp. et al. *v.* United States, protests 134468–K, etc. (Tampa).

169

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiffs was sustained.

**No. 53567.**—William E. Quirin *v.* United States, protest 134528–K (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those the subject of *Unitd States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 53568.**—Fuchs Shoe Corp. *v.* United States, protest 147113–K (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

**No. 53569.**—Fuchs Shoe Corporation *v.* United States, protest 148219–K (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that certain items of the merchandise consist of sisal handbags similar in all material respects to those the subject of *United States* v. *Goldberg & Seltzer, Inc.* (36 C. C. P. A. 64, C. A. D. 399), the claim of the plaintiff was sustained.

BEFORE THE FIRST DIVISION, SEPTEMBER 22, 1949

**No. 53570.**—G. D. Searle & Co. *v.* United States, protest 147916–K (New York).